Number 151280, United States v. Jamie Bauzo-Santiago. Good morning, Mr. Rivera. Good morning, Your Honor. Jorge Rivera on behalf of Mr. Jaime Bauzo-Santiago. Your Honor, I would like to reserve like two minutes for rebuttal. And I would like to submit the one issue that relates to the armed career criminal aspect on the brief. And I'd like to have the opportunity to argue the other two issues regarding the admission of Mr. Bauzo's letter to the district court judge in which he accepted responsibility for the offense that was charged and asking the court for a reasonable time. That's what he requests of the court. We submit to the court that addressing the admission of the letter at trial into evidence, we submit to the court that was clear error by the district court. That letter basically told the jury a guilty. Well, no. He told the court. That's correct. But the message to the, you know, the inference from the jury, I mean, the jury didn't have much to do in terms of going through the evidence. They have a letter from the defendant that says that I'm guilty. So in a way that sort of expedites the process by which the jury appraises the evidence that was presented in court. But I'd like to address the process by which that letter was generated to the court. Mr. Bauzo had been represented by another attorney prior to the attorney that saw the trial. And apparently he had differences with the attorney. He met with the attorney on various occasions, discussed plea agreements or plea weapons from the government. And then there comes a point that he's communicating with his counsel. And he tells his counsel, I wrote a letter to the court. From the record, and the record here would be basically the motion to withdraw that trial counsel filed with the court. In that letter, there's evidence to the effect that counsel met with Mr. Bauzo on March 7th, 2014, on March 11th and March 17th. The letter to the court was dated March the 12th. So between the 7th, the 11th, and the 17th, there had been discussions about plea agreement, plea offers from the government, which Mr. Bauzo apparently rejected. Prior to trial, the government files a designation of evidence saying that they're going to use that letter. And the defense counsel, the new defense counsel, saw the trial, filed a motion to eliminate, objecting the admission of the document. One of the things, which is the issue that we present in the brief, is that that conversation took place, that the letter was written at the time that plea negotiations had taken place with the government. In the district court's opinion, opinion and order, it says that since the statement was not made to the prosecuting attorney for the government, then the letter is admissible. The counsel tried to make the argument that the letter was basically a prayer, a request to the court for assistance. We all know that the courts do not get involved in plea negotiations. The district court sort of set aside, put aside the fact that there was no plea negotiation as argued by the government. But basically, there was no evidence presented to the court or argued before the court that conversations have been made between the defendant and the government about plea negotiations. Our point here basically is that this is a question of fairness. The court should have not admitted that document into evidence because of the weight that it has, the impact that it has on the jury. Go ahead. I'm sorry. Are you saying it should have been excluded under 410? Well, even though I argued before under 410, I'm very clear that it doesn't meet the requirements of 410. Okay. So then what is the basis for the- The basis- You seem to be saying because it's very prejudicial, it has to be excluded, but- No, no, no, no. What I'm trying to raise the issue was that there is a policy behind Rule 410 of promoting plea agreements, the conversations, the discussions of it. So in this case, there was the discussion. Right, but 410, the way it's written, I'm just trying to- It doesn't seem to fit within the text of 410. Well, if you look at each of the items, it doesn't. But there's nothing else in 410 but those items. Except the policy behind 410. But the policy is expressed through the- So I'm just trying to figure out what would be the basis for excluding it. If it's not- In hindsight, Your Honor, it would be Rule 403, the unfair prejudice. And the case law that I cited, I don't know if my research was bad or not, but the only case that I was able to come across was one from the court in New York, U.S. v. Gotti, which the closest thing to it was it was a conversation between Gotti and two visitors. Pim wanted to explore a plea agreement or plea offer through counsel. Somehow that information went to the government that wanted to use those statements in court. And the judge, realizing, was very frank about it, saying, you know, I realize this is a party-opponent statement. I know that Rule 410 only addresses conversations directly directed to the government, but I cannot allow this statement to go in because it would give the jury the opportunity to infer that Gotti was guilty. So basically that's what we have here, except that the statement from the defendant in this case is a confession. We let confessions in all the time unless there's no legal reason or constitutional reason to exclude it. I thought your argument was that our case law in Olson v. Herrera, and this is our case, I thought you were arguing that the broader policy implications would subsume the facts here. If we're going back to Rule 410, it's the policy behind the Rule 410. Are you abandoning a 410 argument at this point? I'm sorry? Are you abandoning a 410 argument? No, I'm not, because I'm saying to the court that I'm aware that the rule itself, the explicit details of the rule do not apply. But the policy on which the Rule 410 is based, which is the promotion of frank conversations of the defendant with his lawyer and the attorney, should be promoted. And what I'm saying is the district court judge has a power that other individuals within the judicial system don't have. They resolve issues. And a confession to the court coming into evidence is highly prejudicial to the defendant. Did you make a 403 argument in your brief? I'm sorry? Did you make a 403 argument in your brief? Not directly, Your Honor. Not explicitly, because I addressed it from the perspective of fairness. So, that's what I'm saying. My argument is basically that it's a situation of fairness in the proceedings to the defendant. In addition to that, the... I just don't get it. I understand how it's prejudicial to the defendant. I'm sorry? I understand how it's prejudicial to the defendant entering it. But when you say it's unfair... Well, it's unfair in the sense that if you connect that to the next argument, which is the jury instruction, okay, in which the court basically says, you know, this is a document that is accurate, readily determined, not subject to... Well, that I understand. That's a challenge to the instruction. If the instruction's in error, then there's prejudice because the erroneous instruction relates to something that's prejudicial. But back to the other issue, I understand why the confession is prejudicial. But what about its admission is unfair? One possibility is it's unfair under 410. But, as you say, 410 seems to talk about communications to the prosecuting attorney, not to the judge. So, if that's not it, what about it is unfair as opposed to what about it is prejudicial? Well, it's just that it allows the jury to infer his guilt. So, it is a confession. But we don't exclude all confessions because they would be prejudicial. I know you're not saying that. No. So, what about it besides the fact that it's a confession of guilt is unfair to the defendant? Well, part of my argument is that usually, in this case, the court did not take into account the circumstances under which... So, is the idea that the defendant would have been confused, would have thought he was making a statement that would have been protected, and the judge didn't treat it that way, so he didn't realize he was making a confession? I'm trying to figure out what the theory of how this is unfair to the defendant to allow a confession that he voluntarily made to be entered into evidence. I realize that, but the statement was made under a situation of unhappiness with counsel. He sends that letter, and it's basically saying, I just want a reasonable time, which implies he has been in plea negotiation. The letter remained in the docket. Nothing happened with that letter except that Mr. Balsall got new counsel until the government put it in his designation of evidence as a document that was coming in. It's not a situation where the government didn't have other evidence to introduce a trial because that is a statement from the defendant that he had made to the arresting officer. It's just that, to me, this is a statement directly to a judge that has a lot of weight in convincing power with the jury. Like I said before, from the perspective of fairness, this letter should have been excluded. As to the issue about the instructions that were given to the jury, that instruction, even though the court gave other instructions that allowed the jury to make their own factual determinations, to be independent from whatever arguments were presented in court or other instructions that a judge may have given, it was still under the statement that it's a document that is beyond, that it's not subject to dispute. So with that statement, there was nothing else for the jury to look at except to rely. What do you think the judge should have done since he has to make some statement about why he's taking judicial notice of it? What's the right way to handle it? Well, the judge had made, prior to that instruction, the judge had given instructions to the court, to the jury, as requested by the government, that he was taking judicial notice of the document that was part of the docket and that the case had been given to a private district court judge. And that seems to be a neutral instruction. The other instructions went a little bit beyond that because the court phrased his instruction by saying, I believe, and then continues to say the document is accurate. Would the instruction have been correct if the ruling was correct that it was an admission against interest? I think the effect would be the same because it's unfair prejudice. If you have an admission against interest in the record, isn't that an appropriate instruction that the jury can take it as proven? I don't know. I really, it seems to me that it would be this, if it's against interest. I think if it's accompanied by that wording, okay, that it's not subject to dispute, it gives a lot of weight to that piece of evidence in the jury's mind. So I think that the unfair prejudice would still be there. Thank you. Thank you, Your Honor. Thank you, Your Honor. Good morning. Good morning, Your Honors. May it please the Court, Maiden Schwartz for the United States. I'd like to start by addressing the defendant's arguments about the policy behind 410 and then discuss the jury instructions and why it was not an erroneous instruction. Can I ask you a question before you get to that? Of course. Did the defendant dispute at the time of trial that he wrote the letter to the judge? Sort of. He wanted to introduce arguments that the handwriting was not his of the note himself and compare. And they made those arguments to the jury. So I gather that that's how that instruction came about because the defendant was disputing that the letter was his and then the judge said that it's not disputed. So why wouldn't that be incorrect if actually there was a factual dispute placed at trial?  Because what the jury instruction said was not that. If you'll permit me to summarize the jury instruction as a whole. I just want you to take that little piece first before you get. I understand we look at the jury instruction as a whole, but they're complaining about that one piece of it because they're saying that the jury instruction as a whole doesn't cure the prejudice by that one. I understand, Your Honor, but that one piece is part of a single sentence. And I believe in the context of the whole sentence, it will be clear what the judge was saying, which is that the document admitted as Government Exhibit 3 is what was filed in the case as Docket Entry 94, which is an undisputed fact. Whether it was written by the defendant or not, that letter is what was entered in the docket, and that's what he was instructing them, that that can be so accurately and readily determined that it can't reasonably be disputed. Because he puts it in the same sentence with several other similar facts. One, that Judge Cerezo was the previous judge assigned to the case. Two, that proceedings were heard before her. Three, that the transcripts that were used during the trial are official transcripts. And four, that the document admitted as Government Exhibit 3 is filed in the case as Docket Entry 94. Your Honor, that's in the appendix at page 64. So was there any other objection interposed to the introduction of that document? So there was no objection at the time that the letter was entered in the docket. In fact, it was noted by the court that it was on the docket and available to the public for approximately four months before the government designated it. I don't understand why that's relevant. The fact that someone files something doesn't mean that it's admissible at trial, unless you lay the foundation that yes, indeed, there's evidence to support the notion that it was a document belonging to the defendant. It's totally irrelevant if the document wasn't an admission by the defendant. So there was some question as to whether the document was authenticated, and it is a self-authenticating document under 903 because it was entered in the public record under the appropriate process. And the clerk of court was brought in to testify that it was, in fact, the document entered on the docket. That doesn't make it self-authenticating. The clerk's responsibility is if somebody sends something in with the docket number on it gets filed with the court record. That doesn't mean that it's in any way something that's relevant to the case. And so the question of how much weight to give to that fact was properly for the jury. And the judge did leave that to the jury. What he was discussing in that instruction were undisputed facts that Judge Cerezo previously heard the case, that the transcripts that were used at trial were official, and that the document that was entered by the government was what had been entered on the docket. But the document isn't even admissible unless there's evidence that the defendant wrote it. So that's what I'm trying to figure out what happened at trial. So there was testimony that it came from the returnant. There was the envelope that was also with the letter that it came from the defendant's address that it had his name on it. It had his inmate's number. I believe for the jury that the fact that it came from a prison was redacted. But there was all that testimony related to that. Am I right on appeal? He's not challenging whether the – is he challenging whether the document was properly authenticated or is he just challenging? No, Your Honor. On appeal, he's simply – Just challenging this instruction? Yes. And in doing so, we submit taking a small part of the instruction out of the context of the sentence in which it's found. And so your contention is that this instruction was telling the jury, why would there need to be this instruction at all that the – just so I understand, I don't quite follow. The document admitted as Government Exhibit 3 is filed in the case as docket number 94. Why would you need to tell the jury that? For the same reason that it was needed to instruct them that the transcripts were official and that some things had taken place before Judge Cerezo. I think that that's actually the – Why would the jury need to know that this document admitted as Government Exhibit 3 is filed as docket number 94? I think it's just to clarify that that was a fact introduced at trial that was not disputed. What was the fact – I'm just not following. What was the fact introduced at trial? Simply that it was entered on the docket in this case. And there was some confusion about this case or some potential confusion because some of the proceedings had been heard by a different judge. And so I think the instruction is just clarifying that. And I would like to add, there was no objection to this instruction afterward. The judge asked counsel, do you have any objections to the instruction as I gave them? And the only response was, just to the extent that we don't think the statement should have been admitted. There was no objection to the wording of this document. Maybe I just – suppose I didn't read it your way and I read it that this instruction could have been understood by the jury as an instruction that the Government Exhibit 3 is readily – can be readily determined – it can be readily determined that it cannot reasonably be – cannot be reasonably disputed the way he reads it. Would you think that the instruction was then an error? Or is your argument entirely dependent on us reading this to not be any statement other than an instruction that Government Exhibit 3 is filed in the case's docket number 94? We make both arguments. Okay, so put aside the Exhibit 3 is docket 94. Why is the instruction okay if what this instruction is telling the jury is that this document cannot be reasonably disputed? Because, Your Honor, juries are presumed to follow the instructions that they're given and he follows that immediately by saying, but you don't have to agree. As with any fact, however, the final – If I tell a jury, just want you to know, this is true and no one reasonably could dispute it. But if you'd like to disagree, you can. That's okay? I think that goes to why it doesn't make any sense to interpret it the way that the defendant's interpreting it. Fine. I'm trying to understand whether if one disagreed with you on that point, instruction would be okay. Your Honor, if you disagree with us on that point, the instruction seems to be a little bit nonsensical and self-contradictory, but we would still argue that it didn't cause the defendant any prejudice. And there's a couple reasons for that. Because, number one, he immediately followed it with, it's for you to decide, which is proper. Two, there's no objection. And actually, three, at the point that the jury heard the evidence about this statement that was entered on the docket, they had already heard testimony that Bauso had, after his arrest, confessed to owning the gun and said it was for his protection because he was involved in selling clothes and trading gold and needed the gun for his protection. So it wasn't even the only confession that was admitted at trial. So to the extent that the jury had already heard other evidence that he admitted possessing the gun, the effect of this statement was minimized. As far as the policy behind 410, I think that's covered very clearly by this Court's decision in PENTA, P-E-N-T-A, that's cited in our brief, where this Court said, quote, plea discussions means plea discussions, period. Because once one goes beyond the bright-line rule that it covers only actual plea negotiations, quote, there was no legitimate place to stop. And the Court in PENTA made the assessment of the 1979 amendments to 410 that they were rejecting the idea that the defendant's subjective belief that he might have been participating in plea negotiations, that was rejected by those amendments. So that's been the case since 1979. Perez-Franco further clarifies that statements must be made to the prosecuting attorney to be protected under 410. So under this Court's precedent, the outcome of that argument is very clear. As Your Honor pointed out during the... The wording of his letter, though, clearly suggests that he's trying to get a better deal. Your Honor, I... So in the context of normal plea agreements, assuming without admitting some culpability, and then trying to get a better deal, isn't that the whole heart of what plea bargaining is all about? Your Honor, that was the position of the Fifth Circuit prior to the 1979 amendments. And again, this Court in PENTA specifically said that the amendment to Rule 410 was to reject that position. That some sort of subjective belief by the defendant that he was engaging in plea negotiations is not sufficient to allow it to be barred by Rule 410. Beyond that, we would submit that it's not clear that that's what he was trying to do. One, he wasn't talking to a prosecutor or anyone with the power to engage in plea negotiations. Two, he didn't say, I will accept responsibility if you give me a good sentence. He said, I have always accepted my responsibility. He's characterizing his behavior in the past. And that's actually consistent, again, with the testimony that he told the police officer at the scene that he needed the gun for his protection. Your Honors, I'm happy to yield the rest of my time, but I do have three quick points on the ACCA. On the ACCA issue, I would like to hear about it. Your Honor, I have three short points. First, just as a matter of clarification, it came to my attention that the defendant's convictions under Article 95 are referred to as aggravated assault in the PSR and as aggravated battery in our brief and as assault slash battery and battery in the defendant's brief. So just for this Court's clarification, they're all Article 95. There's no dispute as to what the conviction is, just how we've referred to it. Number two, in our argument that his objection here is waived, we want to point out the footnote that's actually in his motion to exclude the handwritten statement that's found at the appendix number 37. And it says, the defendant's criminal history qualifies him for the sentencing enhancement found in 924E, which exposes him to a mandatory minimum term of 15 years. So this is beyond simply failing to object to the PSR. The defendant affirmatively represented to the Court that he qualified under the Armed Career Criminals Act for a mandatory minimum 15-year sentence. As this Court found in Trivides-Leonardo, that's a powerful case for waiver, and this is actually beyond what was in Trivides-Leonardo, so even a more powerful case for waiver. Assuming that this Court does reach the merits of which convictions should qualify, the government submits that his extensive criminal record yields several options for what qualifies as violent felonies, but that the simplest path to affirmance in this case would be to take his two Article 515 convictions, which this Court recently held in Delgado-Sanchez, on plain error review, do not qualify as crimes of violence under the guidelines, under the Force Clause. So similarly here in ACCA, under the Force Clause, Article 515 on plain error review should survive as a violent felony. So Article 515 is which offense? So this Court held in Delgado-Sanchez that it's divisible, and that all that's required on plain error review, assuming that there's no shepherd documents to determine which one he was actually convicted of, as in this case, that it is enough that one of those modalities might qualify as a crime of violence in Delgado-Sanchez, so the same would be true here. And then beyond that, that's two convictions. He likewise has two convictions for aggravated assault or battery, depending on how you term it, and he concedes that at least one modality. Did we have any indication of why the District Court did imply the enhancement? So he recited the defendant's criminal history and then said he has at least three convictions for violent felonies, and again, the defendant himself represented to the Court that he did in fact have sufficient violent felonies to qualify. And was this pre-Johnson? Yes, it was a few months before Johnson 2 came out. And since it was pre-Johnson, wouldn't it be at least quite likely that everybody was operating on the assumption that the residual clause applied? Your Honor, this Court in Serrano-Mercado examined a case where it had found that at the time of the defendant's sentencing, no First Circuit precedent later overruled established at the time of sentencing that the conviction categorically qualified. And the same is true here. The defendant couldn't have thought that it was absolutely settled that it qualified as a crime of violence. So there would still be the reason to make the objection in the first place. And since he did not do so, and in fact more than did not do so, affirmatively represented that it was a violent felony, this should be waived. Thank you. Your Honor, I'd just like to address one issue regarding the jury instruction. In terms of that jury instruction, the manner in which the Court gave the instruction, the Court explained to the jury that no evidence had been presented on the points of being accurate and readily determined. But the reality is the government presented an ATF agent that described for the jury how he obtained a certified copy of the docket and what was the process in producing that document for the trial. So that jury instruction is confusing to the extent that it's not distinguishing between the process of bringing that document into evidence versus the interpretation or the acceptance of what's in the document, which is the confession. So we submit to the Court that that was plain error that affected the outcome of the trial because if we look at the transcript, the defense mounted a very assertive cross-examination of the witnesses and they presented two witnesses on their behalf. And it's true that there was a statement of Mr. Balsall to the police when he was arrested about having the weapon for protection and basically for protection of the clothing and jewelry that he sold. But the statement, the confession, being beyond or being not subject to dispute, that sort of featured for the jury. Can I just ask you about the 515 issue on the sentence, the sentencing issue that the government was arguing that the simplest path for affirming a sentence would be to rely on the two 515 convictions, Article 515 convictions, what's your answer to that? I would like to submit that on the briefs, but in any event, the main argument there is the fact that there were no arguments presented to the Court as to whether Mr. Balsall was an armed career criminal offender or not. But based on the decision of Johnson, we don't know if there was agreement that he was an armed career criminal on the basis of the procedural course. We don't know what was the process of thinking of the government, of the Court, the probation officer, even defense counsel. When the Court made the statement that he was an armed career criminal, the defense counsel say that, yes, that's correct. But at that point, nobody anticipated that Johnson was going to come down. But are you making an argument that if it is divisible, your client was not convicted of the portion of the divisible crime that might be qualifying? The thing is that we don't have those documents. So you couldn't say to us one way or the other whether he did or didn't? No. I mean, if you go by the statute, the way the statute... Thank you.